SAMUEL TOWNSEND v. HENRY REEVES ET AL.

1. In an action of trespass for cutting timber on outlands, it is incumbent on plaintiff to prove that the deeds under which he claims title cover the locality of the cutting.
2. Where the premises on which the timber is cut are what is called wild land—not improved on any part of the tract—repeated cuttings by a party not having the paper title, are repeated acts of trespass, and will not give title by possession, against the party having the documentary title.
3. Every presumption is in favor of the possession, in subordination to the title of the true owner.

In trespass. On rule to show cause.

Argued at June Term, 1882, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, MAGIE and PARKER.

For the motion, W. E. Potter.

Contra, D. J. Pancoast.

The opinion of the court was delivered by

PARKER, J. This action is brought for cutting timber on land claimed to belong to plaintiff, situated in the township of Maurice River, in the county of Cumberland. The cause

was tried at the Cumberland Circuit, and resulted in a verdict for the plaintiff.

The declaration gives a particular description of a tract of land, on which it is charged the trespass was committed, but that description is not found in the deeds under which plaintiff claims title.

The defendants filed two pleas—(1) the general issue; (2) that the close was the property of one Rachel Swain, under whom and by whose command they cut the timber.

The evidence shows that the locality where the cutting took place is a cedar-swamp, and never has been fenced nor cultivated. It is what is termed outland or wildland, situated remote from human habitation.

The title deeds offered by plaintiff run back to the year 1831. The description in those deeds is very vague. It is as follows, viz.: "A certain cedar swamp and coppice lying in Nixon's branch, beginning at a point just above the Parker field, in Scott's line, supposed to contain about fifteen acres."

It is incumbent on the plaintiff to prove that the description in the deeds under which he claims title to this outland, covers the place of cutting. This he has failed to do. There is no evidence that locates the tract described in plaintiff's deeds upon the place of the alleged trespass.

Albert Peterson, a practical surveyor, made a survey, at request of plaintiff, for the purposes of this suit. He was taken upon the ground and told where to begin. He had no description in any title deed, by which he could find the location of the land. At the trial, he did not produce any field-notes or memoranda of his running, and said he had forgotten what papers he had to guide him. He only remembered that he had a deed which called for Scott's line and the Parker field. He could not say how he found a point from which to begin the survey by any deed in his possession.

The evidence shows that there is cedar swamp on both sides of Scott's line, and there is nothing in the description in plaintiff's deed to designate on which side of Scott's line the land described in the plaintiff's deed is located.

Mr. Peterson was the only practical surveyor sworn on part of plaintiff, and, upon the plaintiff's showing, there is not evidence to prove that the deeds through which he deduces title include the locality of the cutting.

The defendants offered deeds which prove, conclusively, that Mrs. Swain has title to the premises in controversy. Her chain of title goes back to 1795, some thirty-six years anterior to the oldest deed produced by plaintiff.

There is no doubt that the deeds produced by the defendants include the place of the alleged trespass. They contain a definite description by monuments, courses and distances. The beginning being ascertained, there can be no difficulty in finding the exact location of the tract.

Return B. Swain, an experienced practical surveyor, in his evidence, says that he has surveyed the land described in the deeds under which Mrs. Swain claims title. He says that there has never been any dispute about the beginning corner of the tract, nor the location of any of the monuments called for in the description. He further says that, in running from the beginning, the courses and distances given in the deeds, he found all the monuments called for, and that the cutting complained of was within the lines of the tract described in Mrs. Swain's title deeds. There is no contradiction of this evidence. In fact, some of the witnesses called by the plaintiff admit that the monuments claimed by defendants are the true monuments. Lorenzo Hess, who owned adjoining land, and who once held title for the tract described in plaintiff's deeds, said, on cross-examination, that he was very familiar with all the corners of the Marshall or Reeves tract, as claimed by defendants; that they were well-known corners, and were located where defendants claimed them. This witness said further that, over thirty years ago, while he was the owner of the land described in plaintiff's deeds, and Benjamin F. Reeves held the deed for the Marshall tract, the lines of the last-named tract were run, and that, by the direction of the surveyor, he put a stone in the ground, to mark the second corner, which stone was still there at one of the cor-

ners claimed by defendants. Running by that stone, as a monument, all the other monuments are found as designated in the defendants' deeds, and the lines thus run include the place where the timber was cut.

There is no doubt that the paper title to the *locus in quo* is in Mrs. Swain, under whom the defendants justify the alleged trespass; and the verdict of the jury is clearly against the evidence, unless the plaintiff has made proof of some facts which, in law, control and overcome the effect of the title papers. This the plaintiff claims to have done.

Plaintiff attempts to prove a possessory title. There is no evidence in the cause that will give plaintiff title by possession. Taking a view of the evidence most favorable to plaintiff, it appears that he and his grantors cut wood occasionally, on the premises in controversy, under protest of those under whom defendants claim. The defendants prove that Mrs. Swain and those under whom she claims, cut on the locality in dispute whenever they desired. Benjamin F. Reeves, the father of Mrs. Swain, who bought the property about forty years ago, cut timber on it whenever occasion required, up to the time of his death (a period of about twenty years), and since his death, his heirs, or some of them, have continued to exercise acts of ownership. The allegation that the plaintiff, or his grantors, at one time cut off the whole tract, is contradicted by the numerous trees standing at the time this suit was commenced, and by the stumps of the trees then recently cut, of immense size, and proving, by the rings, an age of from fifty to seventy-five years.

It will be remembered that the premises are outlands. They are unfenced and uncultivated. There are no improvements on any part of the disputed land. Under such circumstances, repeated cutting would be only repeated acts of trespass, and acts of trespass, however repeated, will not constitute possession nor oust the true owner, whose title, by law, draws the possession to himself. *Cornelius* v. *Giberson,* 1 *Dutcher* 1.

Every presumption is in favor of possession in subordination to the title of the true owner. Whenever others cut on that tract, within the lines of the deeds through which defendants claim, they were trespassers, and gained no title by possession or otherwise.

The alleged remark of Benjamin F. Reeves, before he had a deed for the property, that he believed the Smith heirs were then the owners, was not admissible. The fact that Benjamin F. Reeves, after his purchase, attended a public sale, where the right of Ogden was offered, and procured another to bid, proves nothing against the defendant's right. The owner of land may offer to buy in an opposing claim, for the sake of peace and to quiet title, without thereby acknowledging any right in another.

The exception of ten acres from Mrs. Swain's allotment, noted on the commissioners' map, has no significance in this suit. Neither the map nor the partition papers locate the exception. Even if the exception had been located, it would not give plaintiff title thereto. If the ten acres be excepted from Mrs. Swain's allotment, they still belong to the Reeves heirs, and not to plaintiff. Plaintiff must recover, if at all, on the strength of his own title.

The verdict is against the evidence in the cause, against law, and the charge of the court.

Verdict set aside and new trial granted.